UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHARON M. MINOR,

                              Plaintiff,          **No. 11-CV-06556-MAT**

               v.                                 **DECISION and ORDER**

MICHAEL ASTRUE, Commissioner
of Social Security,

                              Defendant.
_____

## **INTRODUCTION**

Sharon M. Minor ("Plaintiff"), represented by counsel, brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner"), denying her application for Disability Insurance Benefits ("DIB"). Specifically, Plaintiff alleges that the Administrative Law Judge ("ALJ") did not give proper weight to Plaintiff's treating physician's opinion and failed to properly evaluate her credibility.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the grounds that the decision of the ALJ was supported by substantial evidence in the record and that Plaintiff was not disabled during the relevant period under review. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings. The Court finds that the decision of the Commissioner is not supported by substantial evidence in the record and contains several legal errors. Therefore, the Commissioner's

motion for judgment on the pleadings is denied, and Plaintiff's motion for judgment on the pleadings is granted. The case is reversed and remanded for payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB under Title II of the Act on June 16, 2008, alleging disability since August 1, 2005.[1] (T.84-85).[2] After the application was denied on October 20, 2008, Plaintiff filed a request for a hearing before an ALJ. Represented by counsel, Plaintiff appeared and testified at the hearing before ALJ Michael Friedman on March 10, 2010. (T.13-23).

In a decision dated March 26, 2010, the ALJ found that the Plaintiff was not disabled within the meaning of the Act during the full period under review.  (T.18-28).  In this case, the period under review ran from Plaintiff's alleged onset disability date of August 1, 2005 (T.84), through her date last insured, June 30, 2009. (T.18). Thus, to qualify for benefits, Plaintiff's disability must have begun on or before June 30, 2009. The ALJ found Plaintiff became disabled as of February 12, 2009, her fiftieth birthday. (T.18).

---

[1]   In his decision, the ALJ stated that Plaintiff alleged disability beginning December 31, 2005.  (T.18).  However, Plaintiff's application for benefits alleged disability since August 1, 2005. (T.84).

[2]   Numbers in parentheses preceded by "T." refer to pages from the transcript of the administrative record.

Plaintiff requested review of the ALJ's denial of benefits prior to February 12, 2009. The Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner on September 8, 2011.  (T.1-7).  Plaintiff then filed this action.

## FACTUAL BACKGROUND

### A.   Non-Medical Evidence

Plaintiff, born in 1959, was forty-six years-old as of the date she alleged onset of disability. She had past relevant work as an assembly line worker and bus driver. (T.111, 114). Plaintiff's testimony regarding her symptoms and limitations is discussed further _infra_ in Section II.B.

### B.   Relevant Medical Evidence

#### 1.   Treating Physician Tedana Wibberley, M.D.

Dr. Wibberley began treating Plaintiff in February 2001. (T.159, 165, 177).  At an October 7, 2005 visit, Plaintiff described experiencing intermittent back pain nearly every day. (T.177).  Straight-leg raising was positive at 45 degrees bilaterally and Plaintiff walked with a wide-based gait.  Dr. Wibberley diagnosed chronic pain with a recent flare-up, and prescribed Vicoprofen, Amitriptyline, and Flexeril. (_Id._).

On February 23, 2006, Plaintiff reported that she was no longer working because of pain in her low back and right foot. (T.188).  Dr. Wibberley's examination revealed straight-leg raising to 45 degrees bilaterally, a wide-based gait, and limited right

ankle motion. (Id.). Plaintiff's medications were renewed. (Id.).

At a follow-up on August 23, 2006, Plaintiff reported ongoing discomfort in her back with limited capacity to stand and bend, as well as difficulties with her right ankle. (T.175). She also reported straight-leg raising was "uncomfortable" at 60 degrees bilaterally. (Id.). Plaintiff walked with a wide-based gait and had limited motion in her right ankle. (Id.). Dr. Wibberley diagnosed chronic moderate low back pain, and persistent sequellae in Plaintiff's right ankle as the result of a previous fracture. (Id.). Dr. Wibberley renewed Plaintiff's pain medications. (Id.).

In a report dated March 26, 2008, Dr. Wibberley noted that Plaintiff continued to have pain in her right foot and ankle, with reduced motion in the right ankle, ongoing numbness and weakness in her legs, and pain in her low back. (T.169). She had a limping gate even with use of a cane, and she wore a back brace most of the time. (Id.). Her back spasm and low back pain continued to necessitate medication. (Id.) Dr. Wibberley opined that Plaintiff remained totally disabled from any kind of work. (Id.).

Dr. Wibberley completed a Multiple Impairment Questionnaire ("MIQ") dated August 15, 2008 (T.191-98), and diagnosed constant lower back pain, right foot/ankle pain, and numbness of the right leg with a mild limp. (T.191). Clinical and diagnostic findings included plantar flexion of the right ankle to 20 degrees and dorsiflexion to 0 degrees, and consistently reduced straight-leg

raising to 30 to 40 degrees.   (T.191-92).   Plaintiff's primary symptoms were back pain and spasms, right foot pain, reduced range of motion in the right ankle, and numbness and weakness of the legs. (T.192).   Her pain ranged from moderately severe to severe, 7 to 10 on a 10-point scale. (T.193).

As a result of Plaintiff's symptoms, Dr. Wibberley opined that Plaintiff could only sit for up to an hour and stand or walk for up to an hour in an 8-hour workday. (T.193).   Plaintiff also needed to stand up and move around frequently even when sitting for short periods of time.   (T.193-94).   Plaintiff could occasionally lift up to 5 pounds, but she could never carry any weight. (T.194). Dr. Wibberley found Plaintiff had significant limitations with repetitive reaching and lifting, which caused increased pain. (T. 194). In addition, her medications caused drowsiness. (T.195). Dr. Wibberly determined that Plaintiff's pain, fatigue, and other symptoms "constantly" interfered with her attention and concentration.   (T.196).   In particular, Plaintiff required unscheduled rest breaks of at least two hours every 30 to 60 minutes during an 8-hour work day. (T.196).   Although Plaintiff had some good days, Dr. Wibberley estimated that Plaintiff would be absent from work, on average, more than three times per month. (T.197).

Dr. Wibberley completed a second MIQ on September 14, 2009, noting that she had most recently seen Plaintiff on September 2,

2009.   (T.212).   Dr. Wibberley's findings remained essentially unchanged from the previous MIQ. Plaintiff remained severely limited, and Dr. Wibberley opined that Plaintiff remained unable to work.  (T.218).

### 2.   <u>Consultative Physician George Sirotenko, M.D.</u>

Dr. Sirotenko evaluated Plaintiff at the Commissioner's behest on August 26, 2008. (T.199-202). At that time, Plaintiff complained of constant back pain made worse by sitting, standing, or walking more than 30 minutes at a time.  (T.199). Plaintiff's ability to squat was limited to 50%; she used a cane for ambulation and support, and she had an increased antalgic gait when she did not use of the cane. Dr. Sirotenko found that Plaintiff had limited motion in her lumbar spine, paralumbar tenderness, weakness in her upper and lower extremities, and tenderness over her right foot. (T.200-01).  Dr. Sirotenko diagnosed musculoskeletal ligamentous low back pain and chronic musculoskeletal ligamentous foot pain. (T.202).   According to Dr. Sirotenko, Plaintiff had "moderate" limitations in lumbar spine motion and "mild" limitations in prolonged standing, walking, using stairs, inclines, and ladders. (<u>Id.</u>).   Dr. Sirotenko opined that Plaintiff should elevate her right leg when sedentary and should avoid overhead lifting.  (<u>Id.</u>). X-rays taken in connection with the examination, but not reviewed by Dr. Sirotenko, revealed small anterior osteophytes (projections of bone) in the lower lumbar spine.  (T.203).

## DISCUSSION

### I.   Jurisdiction and Scope of Review

Title 42 U.S.C., § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits and limits the scope of review to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards. See Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1982) ("It is not the function of the reviewing court to try the case de novo but, assuming the Secretary has applied the correct legal standards, to decide whether the Secretary's decision is supported by substantial evidence."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Simmons v. Harris, 602 F.2d 1233, 1236 (5th Cir. 1979) (citation omitted).

### II.   The Commissioner's decision to deny the Plaintiff benefits is not supported by substantial evidence in the record and contains errors of law.

The ALJ found Plaintiff disabled only since February 12, 2009, her fiftieth birthday. (T.22-23). On that date, her age category "changed to an individual closely approaching advanced age" under 20 C.F.R. § 404.1563.  (T.22).  The ALJ found that, since February

12, 2009, Plaintiff has had the residual functional capacity ("RFC") to perform less than sedentary work as defined in 20 C.F.R. § 404.1567(a) due to extreme limitations from pain in her lower back and legs. (Id.). Considering Plaintiff's age, education, work experience, and RFC, there are no jobs that exist in significant numbers in the national economy that Plaintiff has been able to perform beginning February 12, 2009. (T.23).

Prior to that date, however, the ALJ found that Plaintiff retained the RFC to perform sedentary work, despite her severe impairments of chronic moderate low back pain; chronic back spasms; and pain and reduced motion in her right ankle post-fracture. (T.20-22). Based on this RFC, the ALJ conceded that Plaintiff could not perform her past work but found that she could perform other work. Therefore, pursuant to the Medical-Vocational Guidelines Rule 201.18, the ALJ entered a finding of not disabled for the period up until February 12, 2009. (T.22-23).

A.    **The ALJ Failed to Follow the Treating Physician Rule.**

"The opinion of a treating physician is afforded controlling weight if it is well-supported by medical findings and not inconsistent with other substantial evidence." Rosa v. Callahan, 168 F.3d 72, 78-79 (2d Cir. 1999) (citing 20 C.F.R. § 404.1527(d)(2)).  An ALJ must provide "good reasons" to afford the opinions of treating physicians other than controlling weight. Halloran v. Barnhart, 362 F.3d 28, 32-33 (2d Cir. 2004) (citation

omitted). The following factors must be considered when determining the weight given to a physician's medical opinion: (1) whether a treatment relationship existed; (2) the length and frequency of the treatment relationship; (3) whether the treating physician's opinion is supported by clinical and laboratory findings; (4) whether the treating physician's opinion is consistent with the record as a whole; (5) whether the treating physician is a specialist in the field at issue; and (6) other factors that support or contradict the medical opinion of the treating physician. 20 C.F.R. §§ 416.927(d)(3)-(6), 416.1527(d)(3)-(6). As Plaintiff argues, all of these factors weigh in favor of giving deference to Dr. Wibberley's opinion. Dr. Wibberley treated Plaintiff on a regular basis over a lengthy period of time; was the source most familiar with her medical history and conditions; and provided detailed medical findings that are consistent with the record as a whole.

Although the ALJ mentioned the opinions issued by Plaintiff's treating physician, Dr. Wibberley, and the examining consultant, Dr. Sirotenko, he did not explain what weight he afforded to either opinion. (T.21). Instead, the ALJ simply found Plaintiff limited to sedentary work prior to February 12, 2009, without citing evidence to support this conclusion. (T.20). The ALJ found that since February 12, 2009, Plaintiff has had the RFC to perform less than a full range of sedentary work, and therefore a finding of

disability was required.  (T.22).  However, the ALJ failed to discuss why this RFC did not apply to the period before February 12, 2009.

Dr. Wibberley determined, on several occasions, that Plaintiff could not perform even sedentary work activities. (T.193, 214). These findings are consistent with clinical examination findings of limited motion of the spine and right ankle, as well as positive straight-leg raising tests. (T.191-92, 212-13). They also are consistent with diagnostic findings, namely, x-rays of the lumbar spine and right ankle/foot indicating degenerative changes. (T.203, 213). Although consultative examiner Dr. Sirotenko gave the opinion that Plaintiff had only "moderate" limitations in her lumbar spine mobility and "mild" limitations in prolonged standing, walking, and using stairs, inclines and ladders, these opinions do not constitute "substantial evidence". See Curry v. Apfel, 209 F.3d 117, 123 (2d Cir. 2000) (holding that opinions from consultative examiner that a claimant has "mild" or "moderate" limitations, "without additional information", are "so vague as to render [the opinions] useless"); see also Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008) (opinions expressed by consultative examiners in the types of vague terms described in Curry, 209 F.3d at 123, are not "substantial evidence"). In contrast, Dr. Wibberley's opinions were based on clinical and diagnostic findings, as detailed above. Moreover, they were not inconsistent with other substantial

evidence in the record. Accordingly, Dr. Wibberley's opinions should have been given controlling weight for the entire period at issue. <u>See</u> 20 C.F.R. § 404.1527(d)(2); Social Security Ruling ("SSR") 96-2p, 1996 WL 374188.

The Commissioner maintains that the ALJ reached an appropriate finding by relying on the substantial evidence in the record. (<u>See</u> Def. Mem. of Law, Dkt. No. 4-1 at 17). The Commissioner states that the ALJ "considered the opinions of Plaintiff's treating physician, Dr. Wibberley, but did not find that these opinions compelled a finding of disability on or before February [12th] 2009." (<u>Id.</u> at 18). The Commissioner asserts that the ALJ was not required to adopt Dr. Wibberley's opinion because he found Dr. Wibberley's assessment in the August 15, 2008 Multiple Impairment Questionnaire inconsistent with Dr. Sirotenko's examination, which occurred just a few days later on August 26, 2008. (<u>Id.</u> at 19). The Commissioner's argument misses the mark. Although the ALJ mentioned the opinions of Dr. Wibberley and Dr. Sirotenko, he did not weigh any inconsistencies among the opinions, nor did he discuss what weight he afforded either opinion. (T.21). He simply limited Plaintiff to sedentary work prior to February 12, 2009, without citing evidence to support this conclusion. (T.20). Thus, the Commissioner's argument relies on reasoning not found in the ALJ's opinion and not supported by the record. This Court may not "create post-hoc rationalizations to

explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005); see also Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999) (quoting Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168 (1962)).

The Commissioner goes on to say that although Dr. Wibberley's August 15, 2008 assessment did not persuade the ALJ, the doctor's opinions in the 2009[3] MIQ "were consistent with the ALJ's findings that Plaintiff was disabled since February 12, 2009." (Def. Mem. of Law, Dkt. No. 4-1 at 19-20). However, as discussed above, the opinions in Dr. Wibberley's September 14, 2009 MIQ remained essentially unchanged from the opinions in her August 15, 2008 MIQ. The ALJ failed to explain why he valued one of the substantially similar opinions more than the other. Given the similarity between the opinions in the two MIQs completed by Dr. Wibberley, the Court finds that the ALJ acted arbitrarily.

It is noteworthy that the ALJ stated that even if Plaintiff had the RFC for the full range of sedentary work, considering her age, education, and work experience, "a finding of 'disabled' would

---

[3]

The Commissioner's Brief refers to the date of Dr. Wibberley's 2009 Questionnaire as "April 9, 2009." (Def. Mem. of Law, Dkt. No. 4-1 at 19.) The record shows that the Questionnaire is dated "9/14/2009." (Tr. at 211-219). The ALJ's opinion also referred to the "September 2009" Questionnaire. (Tr. at 21.) As such, this Court will apply the September 14, 2009 date when discussing the Commissioner's argument concerning the 2009 Questionnaire.

be directed by Medical-Vocational Rule 201.09 <u>after</u> February 12, 2009." The ALJ's decision is devoid of any explanation of the significance he apparently accorded to the change in Plaintiff's age bracket that occurred on her fiftieth birthday.

The ALJ failed to give any reason why Plaintiff's fiftieth birthday was selected as the date she became disabled, and entirely disregarded the treating physician's opinion that Plaintiff could not perform sedentary activities since at least August 2008, six months earlier. (T.191-98). SSR 83-20, 1983 WL 31249, states that for disabilities of non-traumatic origin, such as Plaintiff's the determination of onset involves consideration of the claimant's allegations, work history, if any, and the medical and other evidence concerning impairment severity." <u>Id.</u> at *2. The claimant's alleged onset date is the "starting point" for the analysis and should be utilized if it is "consistent with all the other evidence available." <u>Id.</u>

A number of courts have held that ALJs generally should defer to an earlier onset date where the evidence of the claimant's impairments is consistent going back to the alleged onset date and at the time the claimant is found disabled. <u>See</u>, <u>e.g.</u>, <u>Spellman v. Shalala</u>, 1 F.3d 357, 363 (5th Cir. 1993) (finding that the Administration failed to comply with SSR 83-20 when it arbitrarily found the onset date to be six months prior to an opinion from a consultative examiner that claimant was disabled); <u>Lichter v.</u>

<u>Bowen</u>, 814 F.3d 430, 434-36 (7th Cir. 1987) (vacating the ALJ's decision to reject plaintiff's alleged onset date because it was "not clearly inconsistent with the other available evidence"); <u>McCall v. Astrue</u>, No. 05-CV-2042, 2008 WL 5378121, at *18-19 (S.D.N.Y. Dec. 23, 2008) (remanding solely for calculation of benefits where ALJ failed to apply SSR 83-20, finding that even if additional evidence were required, it was the ALJ, not plaintiff, who was "required to take additional steps to procure it"). There is no evidence in the record that Plaintiff's condition significantly worsened after her fiftieth birthday. Therefore, the ALJ should have given deference to the onset date alleged by Plaintiff, which was consistent with the longitudinal medical record and the opinions of her treating physician.

**B.    The ALJ Failed to Properly Evaluate Plaintiff's Credibility.**

Although the ALJ is free to accept or reject the testimony of any witness, a "finding that the witness is not credible must nevertheless be set forth with sufficient specificity to permit intelligible plenary review of the record." <u>Williams ex rel. Williams v. Bowen</u>, 859 F.2d 255, 260-61 (2d Cir. 1988) (citation omitted). The ALJ's credibility findings also must be consistent with the other evidence in the record, <u>id.</u> at 261, and may not be based on an intangible or intuitive notion about an individual's veracity, <u>see</u> SSR 96-7p, 1996 WL 374186.

Plaintiff testified that she experienced increased back problems at the time she stopped working and that she has in her lower back and right foot. Although medications ameliorated the pain somewhat, she can stand no more than 30 minutes and sit no longer than 30 minutes. (T.34). Plaintiff stated that although she tries going grocery shopping on her own, she only can lift a light grocery bag. (T.35). She can cook but only if she sits down in front of the stove, and her daughters assist her with household chores. (T.35). Plaintiff watches television, reads occasionally, and visits with her best friend. (T.35-36).

The ALJ found that Plaintiff's medically determinable impairments "could reasonably be expected to produce the alleged symptoms," and that her statements concerning the intensity, persistence, and limiting effects of her symptoms were generally credible. (T.21). Despite this, the ALJ did not actually credit any of Plaintiff's testimony that was consistent with Dr. Wibberley's opinions that she is unable to perform even sedentary work activities. In particular, as noted above, Plaintiff testified that she can stand for no more than 30 minutes at a time, sit no more than 30 minutes at a time, and lift no more than a light grocery bag. (T.34-35).

The ALJ's failure to credit Plaintiff's testimony after finding her credible and finding that her conditions could reasonably cause the limitations alleged is unexplained. As noted

above, the ALJ must set forth specific reasons to support his credibility finding, supported by evidence in the record, and he must be sufficiently specific to make his rationale clear to subsequent reviewers. See, e.g., Tornatore v. Barnhart, 2006 WL 3714649, at *6, 2006 U.S. Dist. LEXIS 90397, at *19 (S.D.N.Y. Dec. 12, 2006)(citing Mason v. Barnhart, 05 Civ. 8421 (DLC), 2006 WL 3497761, at *4, 2006 U.S. Dist. LEXIS 87528, at *4 (S.D.N.Y. Dec. 5, 2006); SSR 96-7p, 1996 WL 374186, at *1). The Court finds that the ALJ failed to provide clear and specific reasons to support his findings, and therefore that his decision was not supported by substantial evidence in the record.

## CONCLUSION

For the reasons set forth above, this Court finds that the Commissioner's decision to deny the Plaintiff benefits was not supported by substantial evidence in the record and was marred by several legal errors. Where "the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose," the proper remedy is remand solely for calculation of benefits." Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980). After reviewing the record in its entirety, the Court finds that substantial evidence establishes that during the challenged period, namely, August 1, 2005 (the date of her application), through February 11, 2009, Plaintiff could not engage

in substantial gainful activity and therefore was disabled within the meaning of the Act.

Accordingly, the Commissioner's decision is vacated and the case is remanded solely for calculation of benefits for the period of time from August 1, 2005, through February 11, 2009.

Plaintiff's motion for judgment on the pleadings is granted. The Commissioner's motion for judgment on the pleadings  is denied.

**ALL OF THE ABOVE IS SO ORDERED.**


**S/Michael A. Telesca**
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:     November 28, 2012
           Rochester, New York